Stephanie Carvelin, Your Honors, for Appellant Jason Smith. Your Honor, what happened in this case is that Mr. Smith pled guilty under a plea agreement that virtually guaranteed that he would be subject to a guideline range that was 720 months, which was the maximum for the two counts of conviction. And in addition, that plea agreement contained an appellate waiver provision. What I'd like to address with Your Honors this morning is why this Court should not enforce that appellate waiver provision. In order for an appellate waiver to be valid, a defendant has to understand it. And in order for that to be manifest, the District Court has a requirement under Rule 11B1N to ensure, to review the terms of the waiver of the appellate right with the defendant and ensure that the defendant that waiver. This was an obscure waiver. This was not a normal waiver that says you're waiving your right to appeal a sentence of 240 months or less or 360 months or less, or as was the case here, you are waiving your right to appeal a sentence, anything including or below the statutory maximum. That is an unusual provision. It was structured in the plea agreement in an obscure and difficult to penetrate way. Why did you say that? It specifically referred to that 18B, because there were differing views of the five levels for appellate and then in the waiver, though, it says you waive everything below, I think it was 18B, 18A, which is the government's view of it. Why is that obscure? I think it's, I guess I would turn that around a bit and say, why say it that way? What's happening here is this man is waiving his right to appeal any legal sentence. That's what this plea agreement says. Why are we, why are 18A does provide the range. And that's what the paragraph specifically alludes to. And at the guilty plea, your client stated that he had been, that he had reviewed the plea agreement and gone over it with his lawyer. So what is the basis for our concluding that he didn't understand it? There are several. Number one, this court's decision in United States v. Johnson, 2017 Johnson from this court. In that case, the defendant entered a plea of guilty. He was asked during the plea allocution, did you go over the terms of the plea agreement? Do you understand the consequences of pleading guilty? He said, yes, I did and I do. And the plea agreement sentenced, he agreed to be sentenced to mandatory life imprisonment. This court did not find the fact that he said at the Rule 11 hearing that he understood those consequences to be a bar to this court's finding that he did not understand the consequences. There's an additional factor here, Judge Radji, and that is that during the plea allocation, during the Rule 11 hearing, the district court said not if I sentence you as provided an under plea agreement, the district court said that if I sentence you to any guideline sentence, you are waiving your right to appeal. What defendant, it's exactly the same thing that's going on in Johnson. Yes, the language is technically correct and yes, a defendant is technically saying they understand. But because of the nature of the waiver, because of what the court said during the Rule 11 hearing, it becomes completely clear that the defendant could not possibly have understood. What defendant is going to say, oh yes, I understand what I'm retaining in this plea agreement. I'm retaining the right to appeal an illegal sentence. What defendant wouldn't believe that he had the right to appeal an illegal sentence? I mean, I think initially when this court confronted that issue with plea waivers, it wasn't even clear to this court. I mean, it clearly is now. But as in Johnson here, we're talking about this as lawyers. You have to look at what somebody in the defendant's position would have understood based on what was in the plea agreement and based on what the court said during the Rule 11 hearing. There is no reason that this court should conclude or can conclude on this record that he understood. What is the purpose of having a supposed carve-out? This plea agreement waiver provision purports the carve-out for Mr. Smith, the right to appeal a sentence. It doesn't. He's being misled here. You can't conclude in these circumstances that that is a valid waiver. The counsel, the indictment that the government did not pursue. In other words, I know you By not pursuing the possession counts, it's really no difference. He didn't really get a benefit. Is that your view? That is my view, Your Honor. It was 60 years that he pled guilty to the, you know, waiving the right to appeal if he got up to the 60 years. The four possession counts would have added an additional potentially consecutive 10 years each. Sixty years versus 100 years for a 36-year-old man? What is the benefit of that? The other benefits that the government purports to be provided to Mr. Smith in this plea agreement is his right to argue for a non-guideline sentence. He could have pled guilty to the entire indictment and argued for a non-guideline sentence. He doesn't need the government's permission to do that. In order to address the merits of that, tell us how you managed to argue that this is a subpoena for the unreasonable sentence. That is the argument, right? Because I believe that although it's an extremely deferential standard of review, this sentence here was infected by the same error that the sentence in Dorvey and Jenkins were. Granted, those were different cases. They were transportation. There were issues about whether the district court understood its authority or what the actual guideline that the mandatory maximum becomes the guideline. But the guidelines, 2G2.1 and 2G2.2, have the same origin, the same history. I outlined that in my brief. So, as Your Honor said, Judge Puller said in your dissent in United States v. Brown, in order for a sentence to be reasonable, the guidelines have to be reasonable. The guidelines weren't reasonable here. In terms of the substance, Your Honor, I think you have to compare this case. The district court said, understood that he was imposing essentially a life sentence and said that was appropriate in this case. I think you have to... I have a few seconds remaining. Yes. To the first argument you made in your brief, and that is ineffective assistance of counsel. Yes, Your Honor. Which ordinarily wouldn't survive the appellate waiver. But you argue that because the ineffective assistance came in connection with the one reserved issue, that is the warrant, that it somehow survives the appellate waiver? I'm arguing... Can you elaborate on that? Yes, Your Honor. I'm arguing that this court has the authority to consider that issue. I think that the record is sufficiently developed that you can consider that issue. Tell me what the ineffective assistance was. Failing to address what the real issue with this warrant was. The initial warrant, the State court judge authorized a search for evidence of rape in the third degree. And although... Computer disks and... Inappropriately. It authorized, that's exactly the argument, that it lacked particularity because the only crime for which the court found probable cause and authorized the search was for rape in the third degree. And yet, the warrant also authorized search for things that would not have been evidence of rape in the third degree. The rape of the initial complainant. Exactly. Exactly. They knew nothing about the pornography that they would find. Exactly, Your Honor. That's completely correct. They went back and asked for an additional warrant? And the second time they asked for a warrant, that was facially invalid. They didn't even attach the first warrant. You can't, the Supreme Court has held, incorporate a warrant by reference if you don't attach it, and they didn't. The lawyer was, you argue, constitutionally ineffective. Tell me why that claim, which you don't directly brief, would survive the appellate waiver. I think it would survive the appellate waiver because you have a right to say that it does. I'm arguing that the court should find that it does. There is nothing jurisdictionally that limits the court from finding that in this particular case. I mean, again, this was such a, let me try to say this precisely. Mr. Smith was led to believe that he was retaining rights by entering to this plea agreement, including the right to appeal the denial of a suppression. That was based on a Franks argument, where defense counsel didn't even cite Franks. That's the problem, though, for you, is that you did reserve a certain argument, but you didn't reserve ineffective assistance of counsel. That is so inherent in your... Let me ask you this. Basically, you want parts of this plea agreement to stand, right? You don't want to, for instance, have us vacate the agreement and have the government try your client on all the counts of the original indictment, right? I do. I want you to vacate... You want us to vacate the entire plea agreement and your client stands back as someone charged in the indictment. Yes, because it's been my position, and I've discussed this obviously with my client. He stands in no worse position. The indictment was for the statutory rape of the complaining witness. The indictment was for production of child pornography with respect to the federal indictment. He was not indicted in the state. Child pornography production with respect to two different individuals, not the original witness. The investigation led to additional complainants. Let's go back to what Judge Raji just asked. Would the carve-out for pursuing the issue of suppression bring with it, do you argue? A claim for ineffective assistance of counsel on the suppression issue? Does it have to? Is it part of it? It's not. I can't... I'd love to argue that. I don't think it would be honest. I don't think it is what he reserved. What he reserved was the right to appeal the denial of the suppression decision. The suppression decision was... motion was made on the basis of Frank's. You said your client would be no worse off. Your client received acceptance consideration? I'm not saying... Yes, he did. All right. So, it's not correct that he wouldn't... he couldn't be worse off if he stood trial and was convicted? I'm not saying that he couldn't be worse off, Your Honor. Just so that I understand... Yes. I'm just saying a sentence of... the statutory maximum here would have been 100 years. You're not looking for us to give you parts of the plea agreement and not... No. No. Right now. Okay. Thank you, Your Honors. I have a question for him from the government. Good morning, Your Honors. Tiffany Lee on behalf of the Appley United States. We're only here today because Mr. Smith does not like the result of the bargain. There is... the appellate waiver provision that's provided for in our plea agreement is not the unorthodox appellate waivers which this court examined in its cases United States v. Rosa, United States v. Martinez-Rios, and United States v. Goodman. In those cases, the problem with the appellate waivers was the fact that none of the parties knew where the guidelines were going to end up. And so, there was something unfair that this court found in the fact that all the parties are going into sentencing and no one knows where the guidelines are going to be and yet the defendant is waiving the right to appeal a guideline sentence as determined by the court as in the case of United States v. Rosa and United States v. Martinez-Rios. And in the case of United States v. Goodman, that defendant was waiving her right to appeal any guideline sentence up to the statutory maximum. Here, the defendant's complaint is that the guidelines was high. Was too high. Ms. Carvelan even indicated herself. This is not... I didn't know what it was referring to. No, he knew exactly what it was referring to. He had the opportunity. There is no complaint... When I say paragraph 18, I mean 720 bucks, right? The judge didn't say that, which would have been an easy thing to do. It would have been an easy thing to do, yet it does not present a Rule 11 violation and it doesn't undercut the fact that the defendant knew the plea agreement. He was asked whether he had read the plea agreement. He asked about representation of counsel before he entered into his guilty plea. And after the guilty plea and prior to sentence, it's not as if he came to the district court and said, you know what, I don't like this deal. I didn't understand the appellate waiver. Oh, I didn't know that probation was going to come back with a guideline range of 720 months. The complaint here lies in the fact that the guidelines ended up being the statutory maximum of the two production counts when put together. Because my understanding from the PSR was that the guidelines calculation actually was life. Correct. It was a cap by the 60 years of the statutory maximum. Correct. So, and ultimately... So the defendant knew full well that that's what he was waiving when he entered into this plea agreement. And it's just now that even though the district court actually sentenced him to below the government guidelines or the guidelines that he ultimately found to be applicable, which is the statutory maximum of the two production counts together, the district court did not impose a sentence of 60 years. He gave him a sentence of 40 years. I understand that you want us to hold the defendant to his waiver. But... I also understand you to think that there's no substantive unreasonableness in this sentence. As the trial judge stated, the defendant was a sexual predator who targeted children between the ages of 13 and 16 with physical contact with them, not just the creation of the pornography. That included an 8-year-old. So your argument is that whatever we do on the plea waiver, his sentence is substantively reasonable. Is that right? That is correct. Ultimately, you know, obviously we do have a concern on the appeal waiver issue only because this appeal waiver on its face cannot be equated with those appeal waivers which were deemed to be unorthodox under this court's line of reasoning. And it's not the type of waiver that would merit a closer look. Your Honor, I would just say that for the very reason that we believe that that issue has been waived, that when the defendant entered his guilty plea, he waived his right to challenge. As Ms. Carvelan can...    It means that he has the right to challenge. The suppression motion? Just the decision that was rendered by Magistrate Judge McCarthy in his report and recommendation. The challenge to the warrant and the suppression of evidence. That was the limited right which he carved out for himself. To challenge the warrant, bring with it the limited right to claim that the counsel who represented him in the suppression motion was ineffective? No. Why would it not? Because it doesn't. It simply does not. It was just a blubbering fool and never even said anything about the warrant. And that was his whole appeal and it was over. It doesn't come with it? It doesn't come, ineffective assistance of counsel? Is it married to the suppression motion? No, it is not. Because... It's not. No, Your Honor, because the fact is there could be a whole host of decisions that counsel makes in order to provide meaningful representation and quite frankly, certainly in this case, it is not married. Defendant's representations now concerning trial counsel's alleged ineffectiveness have nothing to do with the issue that was specifically carved out. I think that it's more appropriately raised on habeas. It may be raised on habeas, but the question... The counsel claims that in preserving the right to appeal the suppression decision, counsel defended by necessity also preserved the right to claim ineffective assistance of counsel in that particular litigation. No, because the... You say no, but why? Because the issue here is specifically limited to Judge McCarthy's issuance of his report and recommendation, which has nothing to do with the determination of ineffective assistance of counsel. You're not understanding my question. What if counsel, after preserving the right to contest the warrant, put in zero evidence? Wouldn't that have been ineffective? It depends on the facts of the case. That's all I'm saying. It would depend on... But then again, this Court would not have the benefit of reviewing denial of a suppression motion. You would have a record of the suppression hearing? You would have a record. Potentially, you... What if counsel was constitutionally ineffective? Your Honour, this Court has the ability in narrow circumstances to examine an ineffective assistance of counsel claims where it finds that the record supports it. So that has nothing to do with... That has nothing to do with the issue being carved out. ...claims that the suppression hearing was ineffectively, constitutionally mismanaged in terms of what the attorney brought before the Court. That's her claim. I don't believe that the record here is sufficient to provide you. We haven't examined that, right? You can examine what the record is currently before you, but again, I don't think it's sufficient in order to provide you with a basis to say, to address any ineffective assistance of counsel claims. He claims that the counsel didn't do what was required of an average qualified counsel in fighting the suppression of the warrant. Again, this is from her perspective in terms of she has not... There has been no inquiry of trial counsel's representation. There has been no inquiry of any decisions that were made between counsel and the defendant. You seem to concede that those could be raised in a 2255 while our cases seem to say that the only thing that could be raised when there's a plea waiver like this in a 2255 is the voluntariness of the plea, not, for example, did he do a good job in the suppression motion in hearing. Are you conceding that if we were to agree with you on this appeal, we could reserve and say, well, he could pursue that in a 2255 and there's no bar to his claiming ineffective assistance of counsel with regard to the suppression? No, I would not say that. I'm just saying that... Well, can he raise it in a 2255, then? The general mechanism... He can certainly raise in a 22... He can... Most defendants can raise the issues, and they certainly do. They try to raise the issues in a 2255. But again, it's up to the district court to take a look at the record to see whether or not, you know, in terms of success, what's going to, I guess, come forward to fruition. Very specifically, we say for the direct appeal, there's not enough to determine whether there was an effective assistance of counsel on the suppression area issue. We leave that to a 2255, and then you come back on the appeal of the 2255 and say, the only thing that you can consider in an appeal of a 2255 where there's an appeals waiver is the voluntariness of the plea, not the underlying suppression here. Aren't you going to make that argument a year from now? Yes. But his argument would be that his plea was not voluntary because he, um... he didn't have a valid suppression ruling to rely on. He did... He ruled... He made his plea decision based on the denial of suppression whereas if counsel had been effective, he would not have been pleading guilty because the materials would have been suppressed. Now, are you saying he can bring that on a habeas? I would say that, again, we're going back to the issues of, you know, what he would, in his particular case, have to raise. And he would most likely, again, be barred by the appeal waiver. And in terms of trying to show forth why there is a Rule 11 violation when there's been absolutely no mention of any rule violation, there's an oblique reference to the fact that, um... Counsel refers to the fact that the appellate waiver was not... that he didn't understand it when the record contradicts that. Well, look, the voluntariness of a plea can be challenged on any of a number of grounds. One of the grounds that counsel's arguing here is he didn't understand the waiver itself. That is properly preserved for direct appeal, or it can be. Correct. The argument it wasn't a valid plea because underlying proceedings occurred with ineffective assistance of counsel is something that we would not hear on direct appeal, whether it's a waiver or no, because it would require factual development, right? Correct. So why is it covered by the waiver, though? I mean, he's challenging the voluntariness of his sentence, of his plea on that ground. So he's challenging the voluntariness of his plea on the ground that... But that's not quite developed in... I feel that it's not quite developed in the matter that's before us right now. So that's why it would be a habeas, not on this record. But if I understood you a moment ago, you were suggesting you're going to invoke the plea waiver at the... the appeal waiver at the habeas and try and preclude him from pursuing habeas. I think because of the fact that... I mean, that would be one of our arguments, naturally speaking, in terms of the validity of the entire plea itself, that we would invoke that aspect of it. So the question becomes whether the carve-out on the issue of suppression is... should be read expansively. But when we read plea agreements, we're supposed to read them narrowly. And quite frankly... Narrowly against the government. Narrowly... true. Narrowly against the government. But the whole issue here stems from... the reasoning for the suppression of evidence that was issued in the report and recommendation by Magistrate Judge McCarthy. Correct. And he is arguing, and his counsel's arguing, that that hearing was based on ineffective assistance of counsel, who didn't put in any evidence about how the warrant should be... what went into the warrant, and what they took once they got the warrant. And that his charges, for which he was sentenced, are based on the material that they took, not on the initial complaint by the one witness. It was based on what they found in the warrant. And if he had ineffective assistance of counsel in that litigation, well, then everything folds. Everything falls by that. That's all... that's the argument that they're making. And the question that both Judge Droney and Judge Rajee are asking you is, does he get a bite of that particular apple at habeas? I think there is an aspect of preservation with respect to the fact that it has been... it is being erased on the direct appeal. So... but without knowing what the habeas argument is going to be, it is difficult for me to stay here to say how the government is going to respond. All right, thank you very much. We'll hear from attorney for Mr. Smith. Three minutes for rebuttal. Thank you, Your Honor. My concern is about whether this can be raised via habeas is exactly what Judge Droney mentioned. This court's case law, regardless of whether the government concedes or not, certainly they could not assert an objection if a habeas is later filed. But this court's case law is that even on a habeas, the only basis, given the guilty plea, that Mr. Smith would have for raising ineffectiveness... ineffective assistance of counsel would be with respect to his guilty plea. Whether his guilty... You have the waiver issue, and you raise this claim. We wouldn't hear this on direct appeal, would we? We would leave you to pursue it on habeas because the record's not fully developed? Well, Judge, I argue that the record is fully developed, and I would say there's... Do you? I do. At a minimum, counsel gets to explain why you don't do all the things you're saying. I would say that this court has recognized one exception to that, that counsel generally does have a right to explain. And that is where the record evidence before the court shows that what counsel chose to do or in this case not do could not be the function of a strategic decision. If my argument is correct and that the warrant was facially invalid, that was the evidence for the prosecution. But is it that clear, though? Because the affidavit said that she said when she was in the bedroom, she saw the three computers that were hooked up, the warrant application, the affidavit asked to be examined to examine those computers, and the warrant itself said, you can look at those computers. It left out the other charge that was asked for in the affidavit. We don't know why, but there's some basis here at least to believe that it was before the issuing judge. And then what about good faith? It says you can look at these computers. You get that warrant, the police officers say, well, we have the authority to look at those computers. How is it that clear to us that at the end of the day, his lawyer didn't say, I don't think we're going to win on this? Judge, I'm sorry. I'm sorry, go ahead. The first part of what you're questioning, I can answer very easily, which is that what the argument was that I've raised in the brief is ineffective is failure to claim that the search was not justified by the probable cause in the warrant and the particularity requirement, which is that the state court judge said you may search for evidence of rape in the third degree. That was the limitation. They couldn't then go and search for evidence of some other crime, and I argue that's what happened in this case. In terms... The affidavit identified the... I forget the... It was like a Facebook group, right? Yes. They were talking over. Right. There is computer references on circumstances leading up to the rape, right? You could say, well, we should look at the computers, too, because that's going to show the trail of those discussions. The affidavit in support of the search warrant does recite, and I think it was a completely standard. They didn't tailor it to this particular case, but they grabbed... Right. They grabbed, you know, the standard thing that they use in any case where, for example, you want to find drug records on a computer. You're on the computer for evidence of the rape, and you're now finding a hoard of child pornography along with it. You may have an argument that you can't seize it, but then they go and they get another warrant, and I know you have arguments about that, too, but I tend to agree with Judge Droney. It's not obvious that counsel would have no strategic basis for thinking this is a loser and I'm going to pursue other arguments, other challenges. Except that it was 100% clear that the Franks argument was a loser. It was so 100% clear that counsel didn't even cite Franks. There was no basis for arguing that the Franks standard is extremely high. There was no basis for arguing it in this case. It cannot... Looking at this record, I don't think any reviewing court could reasonably conclude that that was a strategic decision. This can be decided by this court without any opportunity for counsel to explain. I mean, counsel may have no explanation, which would support your view, or he might. But, you know, it's not simply that if there's a question, we leave it to habeas. The preferred way of dealing with challenges to the effectiveness of counsel is habeas. You are absolutely right, Your Honor. The problem in this case is, as Judge Pooler said, counsel in this case could have been a blubbering idiot and one could question whether that's exactly what went on here. And... What I'm saying is that, you know, what you preserved as a challenge was that Judge McCarthy and the district judge got it wrong on the Franks hearing, on the Franks issue. You didn't preserve there were other issues that should have been pursued. So I agree that if, in pursuing the Franks argument, counsel had failed to cite a controlling case or had done something else wrong, you could argue his ineffectiveness as part of the Franks issue should have been decided in our favor. I'm not sure what you preserved lets you say counsel should have raised a host of issues that were never presented to the district. I think that's a legitimate question that the court has to decide. My concern is that Mr. Smith will be left with no remedy given what happened in this case, that he ends up pleading to a plea agreement that preserves essentially no rights where clearly he believed he was preserving rights. Thank you, Your Honors.